IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL EUGENE SMITH, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3024 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Michael Eugene Smith, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his state court conviction. Respondent filed a motion for summary judgment (Docket Entry No. 16), to which petitioner responded. (Docket Entry No. 18.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the reasons that follow.

**I. PROCEDURAL BACKGROUND**

Petitioner pleaded guilty to the felony offense of possession of a controlled substance (methamphetamine) as a habitual offender, and was sentenced to thirty years incarceration. His conviction was affirmed on appeal, *Smith v. State*, No. 01-07-00590-CR, 2008 WL 340485 (Tex. App.– Houston [1st Dist.] 2008, pet. ref'd.) (not designated for publication), and the Texas Court of Criminal Appeals refused discretionary review. Petitioner did not seek state habeas relief.

Petitioner raises the following grounds for federal habeas relief:

(1)  his conviction was obtained through an illegal search and seizure;

(2)  his conviction was obtained through an illegal arrest;

(3)  his consent to the search was involuntary; and

(4)  he was not given his *Miranda* warnings.

Respondent moves for summary judgment, and argues that these habeas grounds fail as a matter of law.

## II. THE APPLICABLE LEGAL STANDARDS

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

### III.   ANALYSIS

A.   Fourth Amendment Claims

In his first, second, and third grounds for federal habeas relief, petitioner asserts violations of his Fourth Amendment rights based upon an illegal search, seizure, and arrest. The record reveals that these Fourth Amendment claims were unfavorably resolved against petitioner following a pretrial suppression hearing, and that the trial court's denial of the

3

suppression motion was affirmed on direct appeal. Accordingly, petitioner was afforded an opportunity for full and fair litigation of his Fourth Amendment claims, and this Court is barred from reconsidering those claims. *See Stone v. Powell*, 428 U.S. 465 (1976).

Respondent is entitled to summary judgment dismissing petitioner's first, second, and third federal habeas grounds.

B. <u>Claims Waived by Guilty Plea</u>

In his fourth ground for federal habeas relief, petitioner asserts that he was not provided *Miranda* warnings prior to his making certain statements that were introduced against him at the suppression hearing. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Finding that petitioner was not in custody at the time he made the statements and that the statements were voluntarily made, the trial court denied his objections and allowed the statements into evidence at the hearing. These rulings were affirmed on direct appeal. *Smith*, at *5-6. Petitioner pleaded guilty following the unsuccessful suppression hearing.

A voluntary guilty plea waives all non-jurisdictional defects in the proceedings against a criminal defendant. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). Petitioner's *Miranda* claim is neither jurisdictional nor a challenge to the voluntariness of his guilty plea, and his claim is therefore waived. *See United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

Even assuming this fourth habeas ground were not waived by his plea, the claim is without merit. In affirming the conviction, the state court of appeals found as follows:

> In his second point of error, appellant argues that the trial court erred 'in not excluding statements made by appellant, including his statements concerning how much methamphetamine was at appellant's house and the consent form, because they were the product of custodial interrogation and no *Miranda* warnings were given.' Appellant asserts that he was actually under arrest 'from the time the officers told him they knew he was concealing methamphetamine inside his house.' Appellant further asserts that he was surrounded by the officers and that a reasonable person in his position would not have felt free to leave.
>
> The Fifth Amendment to the United States Constitution provides that no person shall be compelled in any criminal case to be a witness against himself. U.S. CONST. AMEND. V. Informing an accused of his legal rights safeguards an uncounseled individual's constitutional privilege against self-incrimination during custodial interrogation. Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. When determining custody for *Miranda* purposes, we apply a reasonable person standard. Thus, a person is in custody only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest.
>
> The defendant bears the initial burden of proving that a statement was the product of custodial interrogation. The State has no burden unless the record as a whole clearly establishes that the defendant's statement was the product of custodial interrogation by an agent for law enforcement. A trial court's custody determination presents a mixed question of law and fact, and we afford almost total deference when questions of historical fact turn on credibility and demeanor. Conversely, when questions of historical fact do not turn on credibility and demeanor, we will review a trial court's custody determination *de novo*.
>
> Here, viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court could have reasonably concluded that appellant was not subjected to a custodial interrogation. The officers testified that they approached appellant inside a business, sought appellant's

cooperation in the methamphetamine investigation, and appellant immediately agreed to cooperate. Appellant then admitted to possessing a small amount of methamphetamine and consented to a search of his house, possibly in exchange for the officer's agreement to his request to leave his family out of the investigation. According to the officers, they never threatened or restrained appellant in any way during this incident. Accordingly, we hold that the trial court did not err in not excluding appellant's admission that he had methamphetamine in his house and his consent to a search of his house.

*Smith*, at *5-6 (footnotes, quotations, citations omitted).

Having independently reviewed the record, this Court is in accord with the state appellate court's analysis and findings. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of federal law or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

## IV. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 16) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 27th day of July, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE